**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01674

KYLE SAILERS,

    Plaintiff,

v.

BEACON SALES ACQUISITION, INC.,
d/b/a ROOF DEPOT,

    Defendant.

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

Defendant Beacon Sales Acquisition, Inc. d/b/a Roof Depot ("Defendant") hereby removes the above-captioned action to the United States District Court for the District of Colorado from the District Court of Jefferson County, Colorado where the action is now pending. Removal jurisdiction exists on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1446.

**STATE COURT ACTION**

1. Plaintiff Kyle Sailers commenced this action in Colorado by filing a complaint ("Complaint") on May 13, 2020 in the District Court of Jefferson County, Colorado, captioned *Kyle Sanders v. Beacon Sales Acquisition Inc. dba Roof Depot*, Case No. 2020CV30607 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, along with the summonses and process orders, is attached as Exhibit A. The Complaint was the initial pleading setting forth the

claim for relief upon which the civil action is based, and no other proceedings have occurred in the State Court Action.

3. Plaintiff's Complaint asserts one cause of action for wrongful discharge in violation of public policy.

4. Pursuant to 28 U.S.C. § 1446(b)(1): "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Removal of this action is timely because this Notice of Removal has been filed within thirty days of May 19, 2020, when Defendant was served with the Complaint. *See* Ex. A, Notice of Service of Process.

## STATEMENT OF DIVERSITY JURISDICTION

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1). In relevant part, section 1332(a)(1) grants district courts original jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Removal based on diversity of citizenship is authorized pursuant to 28 U.S.C. § 1446.

6. As set forth below, this case meets all of the requirements for removal because the amount in controversy exceeds the sum or value of $75,000 and the Plaintiff has a different citizenship from Defendant.

## CITIZENSHIP

7. To satisfy diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332(a)(1), Plaintiff must be a citizen of a state different than Defendant. 28 U.S.C. § 1332(a)(1)

("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States.").

8. Plaintiff alleges that Defendant "is a Delaware corporation with a principal office located at 505 Huntmar Park Drive, Suite 300, Herndon, VA 20170." Ex. A, Compl. at ¶ 2; Ex. B, Dec. Dana Bamvakais. Thus, Defendant is a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

9. Plaintiff further alleges that he "was a resident of Jefferson County, Colorado during his employment." Ex. A, Compl. at ¶ 1.

10. Therefore, the diversity requirement has been met because Plaintiff is a citizen of a state different than Defendant.

## AMOUNT IN CONTROVERSY

11. With respect to the amount in controversy, removal is authorized when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.").

12. While Plaintiff's Complaint does not state a total amount in controversy, the failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive the Court of jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional

amount. . . in the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means.").

13. On May 13, 2020, Plaintiff filed District Court Civil Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint and Jury Demand ("Civil Cover Sheet"). In the Civil Cover Sheet, Plaintiff checked the box stating that he "is seeking a monetary judgment against another party for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs." Ex. A, Civil Cover Sheet. The Civil Cover Sheet demonstrates that the amount in controversy exceeds $75,000. *See Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (finding civil cover sheet is an "other paper" that put the defendant on notice that the amount in controversy exceeded $75,000; stating: "There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).").

14. In his Complaint, Plaintiff alleges that as "a direct and proximate result" of Defendant's actions, he has suffered, "and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience." Ex. A, Compl. at ¶ 29. A plaintiff alleging a wrongful discharge in violation of public policy claim may recover economic and non-economic damages. *See Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 460 (Colo. App. 2003) (approving jury instruction in a wrongful discharge/public policy case that permitted the jury to award economic damages, including back pay, and non-economic damages including present and future pain and suffering, inconvenience, emotional stress, and impairment of the

quality of life).

15. Defendant hired Plaintiff on February 27, 2017. Ex. B, Dana Bamvakais Dec. at ¶ 4. Defendant terminated Plaintiff's employment on May 14, 2018. *Id.* On his date of termination, Plaintiff earned $15.50 per hour. *Id.* Based on this information, the amount of back pay damages at issue is $68,200, calculated as follows: 55 (pay periods[1]) x 80 (hours per week) x $15.50 (hourly wage).

16. A plaintiff alleging a wrongful discharge in violation of public policy claim may recover at least $10,000 in non-economic damages. *See e.g.*, *Cronk v. Intermountain Rural Elec. Ass'n*, No. 90-cv-0666, 1992 WL 161811, at *1 (Colo. App. Apr. 2, 1992) (stating that plaintiff was awarded "$11,500 in noneconomic losses for his wrongful discharge claim").

17. Based on Plaintiff's allegations in the Complaint and information obtained from the Declaration of Dana Bamvakais, there is a reasonable probability that the amount in controversy exceeds the $75,000 jurisdictional minimum. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953, 955 (10th Cir. 2008) ("the defendant is required to prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000 . . . defendant must affirmatively establish jurisdiction by proving jurisdictional facts that made it *possible* that $75,000 was in play") (emphasis in original and internal quotation marks omitted).

## STATE COURT NOTIFIED

18. In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal were served on Plaintiff's counsel and filed with the Clerk of the District Court of Jefferson County, Colorado.

---

[1] Defendant paid Plaintiff bi-monthly. Ex. B, Dana Bamvakais Dec. at ¶ 4. There are 55 pay periods from Plaintiff's termination date (May 14, 2018) to the present (June 9, 2020).

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 9th day of June, 2020.

<div style="text-align: right;">

*s/ LaLonnie Gray*
Todd Fredrickson
LaLonnie Gray
FISHER & PHILLIPS LLP
1801 California Street, Suite 2700
Denver, CO 80202
Tel: (303) 218-3650
Fax: (303) 218-3651
tfredrickson@fisherphillips.com
lgray@fisherphillips.com

**Attorneys for Defendant**

</div>


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 9th day of June, 2020, a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was emailed to:

Andrew C. Quisenberry, Esq.
Bachus & Schanker, LLC
101 West Colfax Ave., Suite 650
Denver, CO 80202
Telephone: (303) 893-9800
Fax: (303) 893-9900
Email: Andrew.quisenberry@coloradolaw.net

**Attorney for Plaintiff**

*s/ Layne Gudenkauf*
Layne Gudenkauf
For Fisher & Phillips LLP